Wilds, J.,
in charging the jury, told them that no express contract was proved, but on the contrary, an express dissent on the part of the defendant, was proved. That if the rule were universally true, that to every valid contract there must be a positive assent of both parties, it was clear the plaintiff could not recover, because the defendant had uniformly declared he would not pay the plaintiff for his services, and it appeared that he never authorized the plaintiff to perform them. But, he said, there are cases *130 W^ere ^aw presume an assent, and imply a promise, even when the contrary is expressly proved ; as where one is under a moral obligation to do an act, and neglects or refuses to do the act, and another does it for him, there he is liable. If a man cause-lessly turn away his wife, or leaves her, he shall be chargeable for necessaries furnished to her, even though he should expressly declare that he will not pay for them, and should forewarn all persons not to trust her. In the present case, the judge observed, the law would infer a contract, against the evidence of fne fact, in order to compel a cruel and capricious individual to discharge that duty, which he ought to have performed voluntarily. For, as the master is bound by the most solemn obligation to protect his slave from suffering, he is bound by the same obligation to defray the expenses, or services of another, to preserve the life of his slave, or preserve the slave from pain and danger. The slave lives for his master’s service. His time, his labor, his comforts, are all at his master’s disposal. The duty of humane treatment, and of medical assistance, when clearly necessary, ought not to be withholden. That assistance was denied by the master in this case, and denied from the worst of motives. The plaintiff rendered those services, and gave that assistance which the master ought to have procured ; and, therefore, ought to be compensated. In a case so circum. stanced, the law will imply a contract, from the reason, justice, and necessity, of the case.
Note. Implied contracta arise from natural reason, and the just construction of law. They extend to all presumptive undertakings, which, though perhaps never actually made, yet constantly arise from the general implication and in-tendment of the courts of judicature, that every man hath engaged to perform what his duty, or justice requires. 3B1. Com. 161. SeeCowp.290,3. Equitable duty, a consideration. See 1 Johns. 249.
Where a man is under a legal, or equitable obligation, to pay, the law implies a promise, though none was ever actually made; what an honest man ought to do, &c. SeeCowp.290. Promise implied,
Pothier, in his Treatise on Obligations, p. 72, gives an example of a quasi contract, as where one pays, by an error of fact, what he does not owe. The person who received, is bound to refund, .though there is no agreement to make-restitution. In quasi contracts no assent intervenes. It is the law alone, or natural equity, which produces the obligation. Persons incapable of assent, may be under an obligation to render justice, or be bound by an obligation resulting See Pothier of quasi from the act of another, in which they had no agency, contracts. See the case of Hambly v. Trott. Cowp. 371.
*130 The jury found for the defendant, contrary to the judge’s charge.
The motion for a new trial was argued by Mr. Dbsaussuke, and was granted by the court, all the judges being present, except Wilds, J. No one appeared to oppose the motion.
But the law will not raise an implied promise upon the consideration of a mere moral obligation; though a moral obligation is a good consideration for an express promise. 2 East, Athins and others v. Barnwell and another, 505. In that case, one parish, where a pauper died, sued another parish where he was settled, for a reimbursement of expenses attending his sickness and funeral. But the suing parish was under a moral and legal obligation to maintain the pauper in his sickness, till he could be properly removed. See Bull. N. P. 129,147, 281. See 1 H. Bl. 90, Jenkins v. Tucker. Vid. Cald. 527. A person having paid money, which another was under a legal obligation to pay, though without his knowledge, or request, may, in some cases, maintain an action to recover back the money so paid.